# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01880-LTB-MJW

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                          Plaintiff,

And

SUZANNE L. DIESING,
and SARAH SHORT,

                          Plaintiff-Intervenors,

        v.

MINI MART, INC. d/b/a LOAF 'N JUG,

                          Defendant.

## CONSENT DECREE

## I. RECITALS

**1**.	This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, Mini Mart, Inc. d/b/a Loaf 'N Jug ("Mini Mart") has discriminated against Charging Parties/Intervenors Suzanne Diesing and Sarah Short, and similarly situated individuals including Sarah Duggan, because of their sex by subjecting them to sexual harassment and a hostile work environment, by failing to take prompt remedial action intended to eliminate the sexual harassment, and by retaliating against Diesing and Short for complaining about the hostile work environment, in violation of Title VII.

**2.**	The parties, desiring to settle this action by an appropriate Consent Decree ("Decree") and agreements between the parties, agree to the jurisdiction of this Court over the parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

**3.**	This Decree is final and binding upon the parties as to the issues resolved, as well as upon their successors and assigns.

**4.**	The parties agree that this Consent Decree fairly resolves the issues alleged in this lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII that arise from charge of discrimination no. 320-2003-01772 filed by Suzanne Diesing and charge of discrimination no. 320-2004-00041 filed by Sarah Short.

**5.**	For the purpose of amicably resolving disputed claims, the Defendant joins with the Commission and Intervenors in requesting this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.  JURISDICTION

**6.**     The parties stipulate to the jurisdiction of the Court over the parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

**7.**     The duration of this Decree shall be three (3) years from the date of signing by the Court.

## III.  ISSUES RESOLVED

**8.**     This Decree resolves all claims for damages arising out of the issues and claims set forth in Civil Action No. 05-cv-01880-LTB-MJW.

**9.**     Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

**10.**    To resolve these claims, Defendant shall pay a total of $225,000.00, to be divided as stated below:

>   **10.1**   Defendant shall pay $100,000.00 of the settlement amount to Suzanne Diesing no later than ten (10) days from the Court's entry of the Consent Decree.  The payment shall be mailed to the address provided by the Commission.  Within three (3) business days of the issuance of the payment, Defendant shall submit a copy of the payment and all related correspondence to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.  Defendant will not condition the receipt of individual relief on Suzanne Diesing's agreement to (a) maintain as confidential the terms of this decree, (b) waive her statutory right to file a

3

charge with any federal or state anti-discrimination agency, or (c) waive her right to apply for a position with the Defendant.

**10.2**     Defendant shall pay $100,000.00 of the settlement amount to Sarah Short no later than ten (10) days from the Court's entry of the Consent Decree.  The payment shall be mailed to the address provided by the Commission.  Within three (3) business days of the issuance of the payment, Defendant shall submit a copy of payment and all related correspondence to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.  Defendant will not condition the receipt of individual relief on Sarah Short's agreement to (a) maintain as confidential the terms of this decree, (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive her right to apply for a position with the Defendant.

**10.3**     Defendant shall pay $25,000.00 of the settlement amount in compensatory damages to Sarah Duggan no later than ten (10) days from the Court's entry of the Consent Decree.  The payment shall be mailed to the address that will be provided by the Commission.  Within three (3) business days of the issuance of the payment, Defendant shall submit a copy of the payment and all related correspondence to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.  Defendant will not condition the receipt of individual relief on Sarah Duggan's agreement to (a) maintain as confidential the terms of this decree, (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency, or (c) waive her right to apply for a position with the Defendant.

**10.4**    First, Defendant shall provide the written apology that has already been agreed to by the Parties to Diesing and Short no later than ten (10) days from the Court's entry of the Consent Decree, copies of which are attached hereto at Attachment B and C.  A copy of each shall also be provided to the Commission within fourteen (14) days from the entry of the Decree at the address in Paragraph 29. Second, Defendant shall provide Diesing, Short, and Duggan a written employment reference letter setting forth their dates of employment, ending position held, and pay rate no later than ten (10) days from the Court's entry of the Consent Decree, copies of which are attached hereto at Attachment D, E and F.  A copy of each shall also be provided to the Commission within fourteen (14) days from the entry of the Decree at the address in Paragraph 29.  Third, Defendant will change Diesing's and Short's status in Mini Mart, Inc.'s personnel records from involuntarily "terminated" or "discharged" to "resigned."

## IV.  EQUITABLE RELIEF

### A.    Scope

**11**.    For the first year after entry of this Consent Decree, the terms of this Decree shall apply to all Mini Mart, Inc. facilities located within Mini Mart, Inc.'s District No. 11.  For the second and third years after entry of this Consent Decree, the terms of this Decree shall apply to all Mini Mart, Inc. facilities in Colorado.

### B.    Injunctive Relief

**12.**    During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of sex.

**13.**     During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act, the Age Discrimination in Employment Act, or the Equal Pay Act, because of such person's filing a charge, testifying or participating in any manner in any investigation, proceeding or hearing under any of these statutes, because such person was identified as a witness or possible witness for the Commission, because such person participated in any manner in this action or in the investigation giving rise to this action, or because such person is designated as an aggrieved individual under this Decree.

### C.     Anti-discrimination Policy

**14.**     Defendant shall adopt and/or maintain a policy proscribing discrimination based on sex harassment and sex discrimination, and proscribing retaliation against any employee who complains about sex discrimination or who files a charge of discrimination alleging sex discrimination. ("Anti-Discrimination Policy").  Defendant shall post and keep posted for the duration of this Decree, in a conspicuous place in each of its facilities, where notices to employees and applicants for employment are customarily kept or posted, a copy of the Anti-Discrimination Policy. Within sixty (60) days of entry of this Decree, Defendant shall provide a copy of the Anti-Discrimination Policy, and will provide the policy to newly hired employees within thirty (30) days of their hire.  Within sixty (60) days of entry of this Decree, Defendant shall forward a copy of the Anti-Discrimination Policy to the Commission and a letter indicating that the Anti-Discrimination Policy has been posted and distributed.

### D.      Training

**15.**     Beginning within sixty (60) days of entry of this Decree, and annually thereafter, Defendant shall conduct annual training for all its employees on what constitutes employment discrimination.  Training will include employee notification of the Defendant's policy and procedures for registering complaints of discrimination.  Defendant agrees that said training will also counsel employees on the penalties of engaging in discriminatory behavior.  Defendant agrees that said training will include the Defendant's non-retaliation policy.  All training under this Paragraph 15 shall be at Defendant's selection and expense.  The training will be conducted as follows:

**15.1    Non-managerial Employees**

Defendant will require non-managerial employees to attend two (2) hours of training per year regarding workplace discrimination, with emphasis on harassment and retaliation. Harassment training will include discussion of sex harassment and retaliation.  Additionally, Defendant will require new employees to complete the requisite two (2) hours of training, within thirty (30) days of being hired.

**15.2    Managerial and Supervisory Employees**

Defendant will require all individuals who work in a managerial or supervisory capacity, or who have hiring authority, to receive at least eight (8) hours of training annually regarding Title VII and other federal anti-discrimination laws.  Four (4) of the eight (8) hours must directly address harassment, retaliation, and discrimination based on sex.  Additionally, Defendant will require employees newly hired or promoted into a managerial or supervisory position to

complete the requisite four (4) hours of training within thirty (30) days of being hired or promoted.

### 15.3 Human Resource Employees

Defendant will require all individuals who work in a human resource capacity to receive at least twenty (20) hours of training annually regarding Title VII and other federal anti-discrimination laws. Four (4) of the twenty (20) hours must directly address harassment, retaliation, and sex discrimination. Additionally, Defendant will require employees newly hired or promoted into a human resource position to complete seven (7) hours of general EEO training within thirty (30) days of being hired or promoted into a human resource position.

**16.** Defendant agrees that the first such training session for each employee group identified in Paragraph 15, above, will take place within sixty (60) days after entry of this Decree. Defendant agrees that all personnel shall both register and attend the seminar training sessions. In the semi-annual reports required under the Reporting provisions of this Decree, Defendant shall submit copies of the agenda of the training programs, identify the individuals providing the training, and provide the registries of attendance.

**17.** The Commission, at its discretion, may designate one or more Commission representatives to attend any of the seminar-training sessions described above, and the Commission representative(s) shall have the right to attend, observe, and fully participate in all of the sessions. Defendant shall provide the Commission with ten days notice that a seminar-training session will be conducted.

### E.      Posting of Notice

**18.**      Within ten (10) business days of the entry of this Consent Decree, Defendant shall post in a conspicuous place in each of its facilities where notices to employees and applicants for employment are customarily kept or posted, the Notice attached as Attachment A to this Decree. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within twenty (20) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provision of this Consent Decree.

### F.      Record Keeping And Reporting Provisions

**19.**      For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree.

**20.**      The Commission shall have the right to interview any personnel employed by Defendant for the purpose of determining Defendant's compliance with the terms of this Consent Decree. In the event the Commission exercises its right to interview personnel pursuant to this paragraph, said interviews shall be scheduled with due regard to the convenience of the individual to be interviewed.

**21.**      Each party shall bear its own costs in conjunction with the maintenance of records, preparation of any report, access or copying of records, or interviews of employees.

**22.**      Defendant shall provide semi-annual reports for each six-month period following the entry of the Decree. The reports shall be due thirty days following the respective six-month period,

except the final report which shall be submitted to the Commission two weeks prior to the date on which the Consent Decree is to expire.

**23.** Each report shall provide the following information:

    **23.1 Complaints of Sex Discrimination**

        **23.1.1** For purposes of this Paragraph 23.1, the term "complaint of sex discrimination" will include any written or verbal complaint which alleges discrimination based on sex, or alleges conduct which the Defendant recognizes as presenting an allegation of sex discrimination. For example, an employee may complain that she was touched inappropriately by another employee. These are "complaints of discrimination" even though the employee does not expressly allege discrimination.

        **23.1.2** The name, address and telephone number of each person making a complaint of sex discrimination to Defendant or to any federal, state, or local government agency.

        **23.1.3** A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached.

        **23.1.4** Copies of all non-privileged documents memorializing or referring to the complaint, investigation, and/or resolution thereof, together with a privilege log of documents withheld.

**23.2** **Training**

    **23.2.1** For each training program required under Para. 15, and conducted during the reporting period, Defendant shall submit a registry of attendance.

    **23.2.2** For each training program required under Para. 15.3 (HR), and completed during the reporting period, Defendant shall provide a certificate of completion.

    **23.2.3** For each training program conducted by Defendant's staff, Defendant will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainer(s); (c) the name of each training and a summary of his or her qualifications.

    **23.2.4** For each training program conducted by a vendor not affiliated with Defendant, Defendant will identify the vendor and provide a copy of the program agenda.

**23.3** **Posting of Notice**: Defendant shall re-certify to the Commission, that the Notice required to be posted under Paragraph 18 of this Consent Decree has been properly posted or, if removed, was promptly replaced, during the duration of the reporting period.

### V.  RETENTION OF JURISDICTION AND FILING OF DECREE

**24.**     This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees. Upon submission of the final report referenced in Paragraph 22, and the expiration of a period of 30 days after submission of said

report, within which the Commission has not filed an objection thereto, the Commission and Defendant shall promptly file a Joint Stipulation for Dismissal with Prejudice ("Joint Stipulation") of this civil action, upon which filing this Decree shall automatically dissolve, and this Civil Action shall be dismissed with prejudice.  If the Commission files an objection to the final report within said 30-day period, the Parties will file the Joint Stipulation promptly after the Court's resolution of the Commission's objection.

## VI.  ENFORCEMENT

**25.**     There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns may enforce compliance herewith.

**26.**     Enforcement of the terms of this Decree may be had by the Commission petitioning the Court.

## VII.  EEOC AUTHORITY

**27.**     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## VIII.  COSTS AND ATTORNEY'S FEES

**28.**     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## IX.  NOTICE

**29.**     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows:

      Anjuli Kelotra, Senior Trial Attorney
      Denver Field Office
      Equal Employment Opportunity Commission
      303 E. 17th Avenue, Suite 510
      Denver, CO  80202

SO ORDERED this   23rd   day of   May   , 2006.

                              BY THE COURT:

                                s/Lewis T. Babcock
                              United States District Judge

y

APPROVED AS TO FORM AND CONTENT:

*s/ Mary Jo O'Neill*_____
Mary Jo O'Neill
Regional Attorney

*s/ Nancy A. Weeks*_____
Nancy A. Weeks
Supervisory Trial Attorney

*s/ Anjuli Kelotra*_____
Anjuli Kelotra
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
EEOC Denver Field Office
303 E. 17th Avenue, Suite 510
Denver, CO 80203
303.866.1378
anjuli.kelotra@eeoc.gov
Attorney for Plaintiff EEOC

*s/ Stephen P. Gilmartin*_____
Stephen P. Gilmartin, Esq.
Godin & Baity LLC
1050 Seventeenth Street, Suite 1610
Denver, Colorado 80265
303.572.3100
sgilmartin@godinbaity.com
Attorney for Plaintiffs/Intervenors

*s/ Andrew W. Volin*_____
Andrew W. Volin, Esq.
Sherman & Howard LLC
633 Seventeenth Street, Suite 3000
Denver, CO 80202
303.297.2900
avolin@sah.com
Attorney for Defendant

MINI MART, INC. d/b/a LOAF 'N JUG

By: _____
    [Insert Name]
    [Insert Title]

Date: _____

PLAINTIFF-INTERVENOR SUZANNE DIESING

By: _____

Date: _____

PLAINTIFF-INTERVENOR SARAH SHORT

By: _____

Date: _____

**ATTACHMENT A**

## NOTICE

The following notice is being posted pursuant to the terms of a Consent Decree reached between the parties in <u>EEOC and Diesing/Short v. Mini Mart, Inc. d/b/a Loaf 'N Jug</u>, filed in the United States District Court for the District of Colorado, Civil Action No. 05-cv-01880-LTB-MJW.

Management of Mini Mart, Inc. wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices. Mini Mart seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to Title VII of the Civil Rights Act of 1964, as amended, it is unlawful for an employer to discriminate based upon the sex of an employee, including sexual harassment. Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, including sex harassment, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Mini Mart, Inc. respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Mini Mart, Inc. reaffirms its commitment to complying with the strictures of Title VII, in that it is our policy to prohibit all discrimination in terms of hiring, promotion, compensation, benefits, discharge or discipline because of race or color.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000 or the Colorado Civil Rights Division at 303-894-2997. In compliance with federal law, no official at Mini Mart, Inc. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of three years.

Mini Mart, Inc.

By:_____    _____

                                                                                        Date